IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN BRISCO, | § | |
| | § | |
| Defendant Below, | § | No. 315, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1502007987 (N) |
| | § | |
| Appellee. | § | |

Submitted: September 11, 2025
Decided: November 13, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

### <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, John Brisco, filed this appeal from Superior Court orders denying his motions for correction of illegal sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of Brisco opening brief that the appeal is without merit. We agree and affirm.

(2) A Superior Court jury convicted Brisco of two counts of first-degree murder, attempted first-degree robbery, first-degree conspiracy, second-degree conspiracy, gang participation, and related firearms offenses. The Superior Court

sentenced Brisco to an aggregate of two life terms plus thirty-five years of incarceration. This Court affirmed on direct appeal.[1] This Court also affirmed the Superior Court's denial of Brisco's first motion for postconviction relief under Superior Court Criminal Rule 61.[2]

(3) On February 12, 2025, Brisco filed a second motion for postconviction relief, which the Superior Court dismissed on February 24, 2025. On June 3, 2025, Brisco filed a motion for correction of illegal sentence. He argued that his sentences were illegal under *Erlinger v. United States*.[3] On June 4, 2025, Brisco filed a motion for appointment of counsel to assist him with filing a habeas corpus petition or the appellate process.

(4) On June 16, 2025, the Superior Court denied the motions, finding that Brisco's life sentences were statutorily mandated and not enhanced by the sentencing judge. That same day Brisco filed a motion for correction illegal sentence that appeared identical to the motion filed on June 3, 2025. On June 18, 2025, the Superior Court denied the motion. This appeal followed.

(5) In his opening brief, Brisco purports to appeal the Superior Court's denial of his second motion for postconviction relief, arguing that his trial counsel was ineffective, and his motion for correction of illegal sentence, arguing that the

---

[1] *Brisco v. State*, 186 A.3d 798, 2018 WL 2171231, at *1 (Del. May 10, 2018) (TABLE).
[2] *Brisco v. State*, 338 A.3d 1291, 2025 WL 302795 (Del. Jan. 27, 2025) (TABLE).
[3] 602 U.S. 821 (2024).

2

Superior Court's failure to submit sentence-enhancing facts to a jury raises constitutional concerns under *Ehrlinger*. Because Brisco did not timely appeal the denial of his second motion for postconviction relief, the Court lacks jurisdiction to consider his claims of ineffective assistance.[4]

(6) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[5] To the extent a claim involves a question of law, we review the claim *de novo*.[6] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[7]

(7) Describing the Superior Court's reasoning as partially incorrect,[8] the State argues that the Superior Court nonetheless correctly denied Brisco's motion for correction of illegal sentence. We agree. In *Erlinger*, the United State Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act

---

[4] Supr. Ct. R. 6(a)(iii)(B) (providing that appeal from postconviction order must be filed within thirty days of docketing); *Carr. v. State*, 554 A.2d 778, 779 (Del. 1989) ("Time is a jurisdictional requirement.").

[5] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).

[6] *Id.*

[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[8] The Superior Court described Brisco's life sentences for first-degree murder as minimum mandatory sentences, but under 11 *Del. C.* § 4209A the sentencing range for a juvenile who commits first-degree murder is twenty-five years to life imprisonment.

3

and stated that "[v]irtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."[9]  As reflected in the sentencing transcript, the sentencing judge made no factual determinations increasing the prescribed range of penalties to which Brisco was exposed.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[9] *Erlinger,* 602 U.S. at 834 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).